IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS

| | |
|---|---|
| **YOUR TRUE NATURE INC,**<br><br>Plaintiff,<br><br>v.<br><br>**The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**,<br><br>Defendants | **Civil No.: 1:24-cv-11162** |

**MEMORANDUM OF LAWS IN SUPPORT OF MOTION FOR
<u>SUMMARY JUDGMENT</u>**

Defendants, KOIXIA, CUBICER, and MYMISOR ("Moving Defendants"), by and through their undersigned counsel, hereby requests that files its memorandum of laws in support the motion for summary judgment on all three counts of the Complaint [DE 1] filed by Plaintiff pursuant to Fed. R. Civ. P. 56 and state as follows:

**<u>I. LEGAL STANDARD</u>**

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when "`there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales Assocs. v. Coni-Seal, Inc.,* 550 F.3d 605, 608-09 (7th Cir. 2000) (quoting

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed.R.Civ.P. 56(e)(2); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert,* 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales Assocs.,* 550 F.3d at 609. *American Standard Insurance Company of Wis. v. Drew*, CAUSE NUMBER: 1:08-CV-48-TS, at *5-6 (N.D. Ind. Oct. 15, 2009).

## II. MEMORANDUM OF LAWS AND ARGUMENTS

A. **Descriptive Fair Use of "Advice From."**

    i) Fair Descriptive Use and Not to Identify Source of Product.

The descriptive fair use doctrine, codified under the Lanham Act (15 U.S.C. § 1115(b)(4)), allows a party to use a trademarked term in its primary, descriptive sense rather than as a

source identifier (i.e., not as a trademark), as long as the use is in good faith and does not create consumer confusion. In the 7th Circuit, this defense has been notably addressed in cases like *Sportfuel, Inc. v. Pepsico, Inc.*, where the court held that "because we conclude that Gatorade successfully raised a fair use defense against SportFuel's claims, we do not consider whether Gatorade's use of the slogan presented a risk of confusion to SportFuel's mark." *Gatorade Did Not Use "Sports Fuel" As a Trademark.*" *Sportfuel, Inc. v. Pepsico, Inc.*, 932 F.3d 589, 595-96 (7th Cir. 2019). And "Gatorade Did Not Use 'Sports Fuel' As a Trademark." *Id.*

Similarly, in *Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707 F.3d 869, 870-71 (7th Cir. 2013), Eastland Music Group is the proprietor of the rap duo Phifty–50, which, according to its web site www. phifty– 50. com, has to its credit one album (2003) and a T-shirt. Eastland Music has registered "PHIFTY–50" as a trademark. It also claims a trademark in "50/50" and contends that Lionsgate Entertainment and Summit Entertainment infringed its rights by using "50/50" as the title of a motion picture that opened in 2011.

The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6), ruling the movie's title descriptive because the film concerns a 50% chance of the main character surviving cancer. 2012 U.S. Dist. Lexis 100310 (N.D.Ill. July 19, 2012). *Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707 F.3d 869, 870-71 (7th Cir. 2013).[1]

In the instant case, Moving Defendants used the word "Advice From" for descriptive purpose. See below Figure 1 for a sample Moving Defendants' product page accused:

---

[1] Counsel was surprised when reminded, that a motion for summary judgment can precede discovery (see Rule 56(b), allowing a motion to be filed "at any time"), leaving the adverse party with an obligation to show a need for discovery under Rule 56(d). See *Peters v. West*, 692 F.3d 629 (7th Cir.2012) (resolving a copyright suit in advance of discovery).



*Figure 1: Sample of Moving Defendants' Product Pages Accused.*

Similar to the "50/50" trademark usage in *Eastland Music Grp.,* where firstly 50/50 is commonly used as a daily life phrase in the U.S., and second, 50/50 was used to describe 50% chance of cancer cure, here, "Advice From" is a so commonly used in our daily life and Plaintiff can not monopolize its use. Secondly, the phrase "advice from" was to describe the use of mugs, coffee cups from different animals such as wolf, octopus, etc.. For Defendant KOIXA, it is an advice from a dragonfly. See SMF, p. 1, ¶ 1. For Defendant Mymisor, it is an advice from a sunflower. SMF, p. 2, ¶ 2. Similarly, Defendant Cubicer, it is an advice from a wolf (SMF, p. 2, ¶ 3).

Moving Defendants did not use "Advice From" as their trademarks. Instead, they were describing the products was an advice from a certain source. "Advice From" in its product page headline is not being used to identify the source or brand of the product but rather to describe the content, purpose, or nature of what's being offered.

Similar to "The joy of six" as a headline to describe a newsworthy event and the happiness associated with the Bulls' sixth NBA championship, where the use did not change with the reproduction of the Tribune's front page onto championship memorabilia. As "the joy of six" is a phrase commonly used to describe the emotions associated with six of anything, the court in

*Packman v. Chi. Tribune Co.*, 267 F.3d 628, 641-42 (7th Cir. 2001) refused to grant protection of trademark rights to the plaintiff.

Thus, "Advice From" shall be refused to grant protection of trademark rights to Plaintiff.

ii) "Advice From" Lacks Secondary Meaning as a Commonly Used Phrase.

In addition, the Mark of "Advice From" lacks secondary meaning. In *Packman*, the court explained that the record lacks any evidence that "the joy of six" had acquired a secondary meaning as used by Ms. Packman, and she does not point to any evidence in rebuttal. *Id.* Secondary meaning is "a *mental association* in buyers' minds between the alleged mark and a single source of the product." 2 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 15:5, at 15-9 (4th ed. 2001) (emphasis in original). *Id*. A mark acquires secondary meaning when it has been used so long and so exclusively by one company in association with its goods or services that the word or phrase has come to mean that those goods or services are the company's trademark. *Id., citing Platinum Home Mortgage,* 149 F.3d at 728.

In the instant case, as a commonly used phrase, it is hard to say "Advice From" has a second meaning that can be proved that only Plaintiff can exclusively use it for its product.

B. <u>No Likely Confusion from Customers.</u>

In *CAE, Inc. v. Clean Air Engineering, Inc*., 267 F.3d 660, 673-74 (7th Cir. 2001), the court said:

> Under the Lanham Act, a party may assert claims for, inter alia, trademark infringement, *see* 15 U.S.C. § 1114(1) (in this case, Count I), or unfair competition, *see* 15 U.S.C. § 1125(a) (in this case, Count II). To prevail on either claim, a plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers. *See Eli Lilly,* 233 F.3d at 461; *Smith Fiberglass Prod., Inc. v. Ameron, Inc.,* 7 F.3d 1327, 1329 (7th Cir. 1993).

*Id.*

The 7th Circuit assesses likelihood of confusion using seven factors in *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008)):

(1) Similarity between the marks in appearance and suggestion;
(2) Similarity of the products;
(3) Area and manner of concurrent use;
(4) Degree of care likely to be exercised by consumers;
(5) Strength of the plaintiff's mark;
(6) Actual confusion; and
(7) Intent of the defendant to palm off its product as that of another.

*Id.*

i) Similarity Between the Marks

Plaintiff used "Advice From" as a mark however, Defendants did not use it as a mark. See below one example of Defendants' product description. SMF, ¶¶ 1-4.; Figure 2, Plaintiff's Mark. SMF, ¶ 5.



*Figure 1: Sample Defendant's Mark*



Figure 2: Plaintiff's Mark

ii) Similarity of the Products

CUBICER, MYMISOR and Mymi store all sell travel cups, coffee mugs, and tumblers. SMF ¶¶ 1-3. Plaintiff sold book marks, magnets, stickers, greeting cards etc. None of Plaintiff's products overlap with those of Defendants. SMF, p. 3, ¶ 4.

### iii) Area and Manner of Concurrent Use

Plaintiff mainly sold through its independent website https://myadviceforlife.com/collections/products its products. SMF, p. 3, ¶ 4. Moving Defendants mainly sold through Amazons. SMF, p. 3, ¶ 6.

### iv). Degree of Care Exercised by Consumers

Since there is no conflict of products and sales channel between Plaintiff and Moving Defendants, consumers will not be confused, even with the least exercise of care..

### v) Strength of Plaintiff's Mark

"Advice From" is a commonly used phrase in daily life. It is apparently not a strong mark.

### vi) Actual Confusion

Without evidence of actual consumer confusion (e.g., mistaken purchases or complaints), this factor favors Defendant. The 7th Circuit places significant weight on the absence of such evidence. See *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001)("The district court granted the defendants' joint motion for summary judgment, holding that the 'fair use' defense defeated Ms. Packman's claims, and, in the alternative, that there was no evidence that consumers were likely to be confused as to the source of the defendants' products." And "The district court correctly granted summary judgment for defendants because Ms. Packman

failed to establish a genuine issue of material fact as to the elements of the fair use defense and the likelihood of confusion." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)).

vii) Intent of the Defendants

There is no indication that Moving defendant intended to confuse or masquerade their products as those of Plaintiff. They are selling completely different products, and via different channels, as mentioned above.

**WHEREFORE**, Defendants, KOIXIA, CUBICER, and MYMISOR, by and through their undersigned counsel, hereby request that ths Court grant the motion for summary judgment on all three counts of the Complaint [DE 1] filed by Plaintiff pursuant to Fed. R. Civ. P. 56.

Respectfully submitted on Mar. 6, 2025.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Mar. 6, 2025.